CHARLES H. JOHNSON *vs.* MAYOR OF QUINCY & another.

Norfolk.     April 18, 1908. — May 1, 1908.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Quincy.   Municipal Corporations.   Statute,* Repeal.

An assessor of the city of Quincy appointed under St. 1900, c. 216, is subject to removal by the mayor under § 27 of the charter of that city, St. 1888, c. 347.

A statute is not to be held to be repealed by implication unless the new legislation is inconsistent with the old.

PETITION, filed February 21, 1908, for a writ of mandamus commanding the mayor of Quincy to reinstate the petitioner as an assessor of that city.

The case was heard by *Rugg,* J., who ordered that the petition be dismissed, and at the request of the petitioner reported the case upon the petition and answer for determination by the full court. If the ruling was right, the order dismissing the petition was to be confirmed; if it was wrong, an order for a peremptory writ of mandamus was to be issued.

The case was submitted on briefs.

*Asa P. French & G. W. Abele,* for the petitioner.

*J. W. McAnarney,* for the respondents.

KNOWLTON, C. J.   The petitioner was removed from the office of an assessor of the city of Quincy by the defendant, Shea, who is the mayor of the city, and the defendant Duggan was appointed in his place. The only question in the case is whether the mayor had a right to remove him.

The charter of the city of Quincy (St. 1888, c. 347) gives the mayor great authority. It vests in him all the executive powers of the city, and gives him the right to exercise them " personally, or through the several officers and boards of the city in their departments under his general supervision and control." The only elective officers are the mayor, the councilmen and the members of the school committee. Section 34 provides for fifteen administrative officers or boards of officers, each to act in his own department, all of whom, under § 27, are to be appointed by the mayor. The last mentioned section provides as follows:

" And he may remove from office by written order any officer so appointed hereunder for any cause which he shall in his official discretion deem sufficient, which cause he shall assign in his order of removal."

In the ninth clause of § 34 there is a provision for a board of assessors. There is no doubt that the members of this board were to be appointed and were subject to removal by the mayor. By the St. 1900, c. 216, this clause was repealed, and the board was changed by making the term of office of its members three years instead of one year, and by providing that the board should consist of a chairman and two other members, and also one or more assistant assessors, if their appointment should be authorized by a two thirds vote of the city council, instead of a principal asssessor who was to be the chairman, and as many assistant assessors as there are wards in the city, with a power in the city council, by a two thirds vote, to provide for the appointment of second assistant assessors to be made by the principal assessor.

The precise question before us is whether this amendment of the charter took away from the mayor the power of removal of assessors which he previously had. Under § 27 he is given " the sole power of appointment to all the municipal offices established by or under this act, unless herein otherwise provided." Then follows a statement of the power of removal. Among these municipal offices were those of assessors. We are of opinion that the amendment was intended as a change in certain particulars pertaining to the board, and not as the creation of new municipal offices which were to be treated as outside of the provisions of the charter. In the original charter and in the amendment the assessors are dealt with as a board, rather than as independent officers acting separately.

Other sections of the statute, namely, §§ 35, 37–39, 41–43, refer to officers and boards appointed under the act. But there can hardly be a doubt that the Legislature intended the assessors appointed under the amendatory act to be subject to the provisions of these sections, and to be treated as holding offices established by or under the original act. In reference to these provisions, it would be inconsistent with the general purpose of the Legislature which appears in the charter, and which seems

to have continued without change, to relieve the assessors by this amendment from the accountability, under other parts of the statute, to which the other officers are held.

The amendatory statute does not purport to repeal any part of the charter, except clause 9 of § 34, and the law does not recognize repeals by implication, unless the new legislation is inconsistent with the old.

We are of opinion that assessors appointed since the amendment are subject to all the provisions of the charter which applied to assessors appointed before the amendment, except those that were expressly repealed by the later statute.

*Petition dismissed.*