AMERICAN PRINTING COMPANY *vs.* COMMONWEALTH.
P. J. HARNEY SHOE COMPANY *vs.* SAME.
BUTCHER POLISH COMPANY *vs.* SAME.

Suffolk.    October 18, 1918. — October 28, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Corporation,* Taxation.    *Tax,* On income.

Under St. 1918, c. 255, § 1, which provides that, "Every corporation incorporated under the laws of this Commonwealth and doing business for profit shall pay a tax to the Commonwealth computed upon the net income for its fiscal or calendar year next preceding, as hereinafter provided, upon which income such corporation is required to pay a tax to the United States," a corporation, which has paid to the United States a war excess profits tax for the year in question, in computing its net income for such taxation by this Commonwealth is to deduct the amount of such war excess profits tax paid by it, because under U. S. St. 1917, c. 63, § 29, the amount of such war excess profits tax is deducted from the net income of the corporation on which it is required to pay a tax to the United States.

THREE PETITIONS, filed in the Supreme Judicial Court on October 7 and 8, 1918, respectively by three corporations incorporated under the laws of this Commonwealth and doing business for profit, under St. 1918, c. 255, § 7, praying for the abatement of a portion of the income tax which was imposed upon each of such corporations under § 1 of that statute and was paid by each with a protest.

An order of court was made by *Braley,* J., consolidating the three cases in order that they might be heard together, and

thereafter the cases came on to be heard before *Braley,* J., who, at the request of all the parties, reserved them upon the pleadings for determination by the full court.

*J. F. Jackson,* (*C. F. Rowley* with him,) for the American Printing Company.

*C. R. Lamson,* (*G. E. Holmes* of New York with him,) for the P. J. Harney Shoe Company.

*C. H. Walker,* for the Butcher Polish Company.

*W. H. Hitchcock,* Assistant Attorney General, for the Commonwealth.

Rugg, C. J. It is provided by St. 1918, c. 255, § 1, that, "Every corporation incorporated under the laws of this Commonwealth and doing business for profit shall pay a tax to the Commonwealth computed upon the net income for its fiscal or calendar year next preceding, as hereinafter provided, upon which income such corporation is required to pay a tax to the United States."

The controversy relates to the true meaning of the words "upon which income such corporation is required to pay a tax to the United States." Considered solely as matter of statutory construction these words present no difficulty. They do not define net income. No other part of the act defines net income. Ordinarily an income tax act would give such a definition. But this act does not, either in the operative words which have been quoted or in its other provisions, contain any detailed specifications of the subjects of taxation. It simply refers, for a description of what is made liable to taxation, to the laws of the United States. The General Court found at hand already in operation an elaborate system of income taxation for corporations. Instead of multiplying requirements for returns, it adopted for the basis for its tax that system. In selecting the subject for its taxation, the General Court used a carefully phrased, easily ascertained and unambiguous amount of income, namely, the net income upon which the corporation is required to pay a tax to the United States. It did not use the net income as established by any statute or by abstract definition, but only that income actually taxed by the United States and for which the corporation is under obligation to make payment.

The act took effect on May 29, 1918. It is agreed by all parties to these proceedings that when this act took effect such cor-

porations were required to pay to the United States three several taxes upon income or upon profits: one, for convenience designated the income tax, levied under the income tax law of September 8, 1916 (U. S. St. 1916, c. 463; 39 U. S. Sts. at Large, 756) as amended; a second termed the war income tax; and a third called the war excess profits tax, the last two being levied under the war revenue act of October 3, 1917. U. S. St. 1917, c. 63. The income tax law of September 8, 1916, provided in detail for the ascertainment of "the total net income." The war revenue act of October 3, 1917, made no change in this method of ascertainment of "the total net income," but adopted it as the basis upon which the war income tax and the excess war profits tax were to be reckoned.

The form for the corporation income tax return issued by the United States internal revenue department has been presented to us. It is conceded that it shows correctly according to the United States laws in force on May 29, 1918, the method for determining the three several federal taxes to which allusion has been made. It is required by § 1 of the Massachusetts act now to be interpreted that every corporation shall render to the tax commissioner "a true copy of the last return made to the collector of internal revenue of the annual net income . . . and . . . such other information as may be requested by the United States treasury department for the purpose of ascertaining the total amount of net income taxable under the United States income tax act; the net income of such corporation after making the deductions authorized; . . ."

It is manifest that the Massachusetts act refers to the federal return as a basis for information. It is plain from that return and from an examination of the statutes of the United States, that no corporation on May 29, 1918, was required to pay a tax upon the entire "net income" as defined in acts of Congress and disclosed on the return, except such as were not liable to the war excess profits tax. The federal income tax law of September 8, 1916, as originally enacted provided in § 10 that there should be assessed a tax of two per cent upon the total net income. But that law was not in force as to corporations required to pay the war excess profits tax when the act now before us was passed, because by the act of October 3, 1917, c. 63, § 29, it was provided

"That in assessing income tax the net income embraced in the return shall also be credited with the amount of any excess profits tax imposed by act of Congress and assessed for the same calendar or fiscal year." Therefore it is indubitable that a corporation which is liable for a war excess profits tax is not "required to pay a tax to the United States" upon the amount of that war excess profits tax even though as a step toward reaching the final result that amount may be included in the "net income" as shown on the return and as abstractly defined in the acts of Congress. That definition is still applicable under the Massachusetts act to the net income of such corporations as do not pay to the United States any war excess profits tax, because such corporations are required to pay a tax upon the whole of that net income to the United States. But it is not applicable to such corporations as do pay such war excess profits tax, because such excess profits tax is first deducted from the net income before any tax whatever is assessed thereon and required to be paid to the United States. In this connection it is of no consequence that, under U. S. St. 1917, c. 63, § 29, of the act of October 3, 1917, in the computation of the federal income tax and war income tax, the war excess profits tax is deducted from the net income as a credit. The substance of the matter is that that deduction is made before the actual principal upon which the income tax required to be paid to the United States can be determined. The net income upon which the tax is required to be paid to the United States is the amount designated as net income in the form of corporation tax return and in the acts of Congress minus the war excess profits tax. That subtraction must be made before the net income actually subject to the federal tax can be found. The method provided for making the computation is an immaterial incident. Whether that war excess profits tax is counted as a part of the expenses of the business and deducted under that heading from the gross income before the net income is found, or is deducted as a separate item from what is termed net income, is of no consequence. The final sum of income upon which the United States income tax is computed is the essential amount to be found. It is not necessary to review one by one the sections of the acts of Congress which set forth the exemptions and deductions made under different circumstances from the net income as shown by

the internal revenue corporation tax return before computing the several taxes due to the United States, because it rightly is conceded by the Attorney General that, except in cases of corporations not liable for a war excess profits tax and not receiving as income any dividends from other corporations and kindred associations, it is apparent that no one of these taxes is calculated "merely by applying a given rate or schedule of rates directly to the net income. In each instance different items are deducted from that income in assessing the tax."

It is contended in behalf of the Commonwealth that the only net income described in any of the acts of Congress is that ascertained in accordance with § 12 of U. S. St. 1916, c. 463, the act of September 8, 1916, and hence that that net income must bear a tax of one per cent under the Massachusetts act, although no one of the corporations here a party pays a tax to the United States upon that exact sum. That contention cannot be supported. It is contrary to the express words of § 1 whereby only that portion of the net income, upon which the "corporation is required to pay a tax to the United States," is made subject to the State tax. If it had been the purpose of the General Court to adopt a measure of taxation in accordance with that contention, apt words to express that purpose would have been used, as, for example, that the tax should be computed "upon the net income as ascertained under the corporation income tax law of the United States," or "upon the net income used as the basis for the assessment of the income tax of such corporation to the United States," or "upon the net income as determined by the commissioner of internal revenue in accordance with income tax laws of the United States," or other unmistakable language. But instead of stating in direct fashion that simple purpose, the General Court used words which precisely express the very different design of subjecting to the income tax only that portion of the total net income upon which the United States requires the payment of a tax. That design is reiterated thrice in the act, later in § 1 where reference is made to "the total amount of net income taxable under the United States income tax," in § 2 where the words occur "changed or corrected net income upon which the tax is required to be paid to the United States," and in § 3 where provision is made as to corporations doing business outside the

Commonwealth for the apportionment of a portion "of the net income on which the tax is imposed by the United States."

The meaning of the operative words of the statute is plain. The purpose of the act is unequivocal. Its effect is to subject to the income tax there to be assessed only that portion of the net income of a corporation within its terms upon which the United States under its laws actually requires a tax to be paid to it.

It is adjudged in each case that a part of the tax has been illegally exacted, and appropriate decrees are to be entered accordingly.

*So ordered.*