HOOD RUBBER COMPANY *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. December 5, 1928. — September 10, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & WAIT, JJ.

*Tax*, Corporation, Abatement, Excise. *Statute*, Construction, Amendment. *Words*, "Net income . . . returned."

In order to resolve a doubt as to the meaning of a particular word or phrase which, while its meaning is not clear as it is used in one part of a statute, is used in another part of the same statute with undoubted meaning, resort may be had to the principle that when words are used in one place in a statute with a plain meaning, commonly they are employed in other parts of the same statute with the same meaning, unless countervailing reasons require a different interpretation.

Resort may be had to legislative history, including committee reports, for the purpose of elucidating a statute of doubtful significance.

The "net income returned," as those words were used in G. L. c. 63, § 36, as it read in 1922, meant the income so returned to the Federal government.

The law applicable to the determination of the merits of a petition, filed by a Massachusetts business corporation in 1928, for a writ of mandamus to compel the commissioner of corporations and taxation to certify to the State treasurer, in accordance with G. L. c. 63, § 36, that the excise tax due from it, measured in part by its net income for 1922, was less than the amount paid by it for that year, to the end that repayment of the difference may be made to it, was said § 36, unaffected by St. 1927, c. 148; the fact that the later statute had been enacted does not militate against the interpretation given to § 36 before that amendment.

PETITION, filed by a Massachusetts business corporation in the Supreme Judicial Court for the county of Suffolk on April 5, 1928, described in the opinion.

The petition was heard by *Sanderson*, J., upon the pleadings and an agreed statement of facts. Material facts are stated in the opinion. The single justice ordered the petition dismissed. The petitioner alleged exceptions.

*H. C. Haskell*, (*C. C. Gammons* with him,) for the petitioner.

*R. A. Cutter*, Assistant Attorney General, for the respondent.

RUGG, C.J.    The petitioner seeks a writ of mandamus to compel the respondent to certify to the State treasurer, in accordance with G. L. c. 63, § 36, that the excise tax due from it, measured in part by its net income for 1922, is less than the amount paid by it for that year, to the end that repayment of the difference may be made to it.

The controversy arises out of conflicting contentions as to the meaning of G. L. c. 63, § 36, whereby is regulated the adjustment of the corporation excise tax with reference to the net income on which the Federal government bases its tax on the same corporation. Said § 36 is in these words: "If the assessment made by the Federal government is based upon a net income greater or less than the net income returned by said corporation, or if an additional assessment is at any time made on the ground that the net income was incorrectly returned in the first instance, or if, after the tax as assessed is paid to the Federal government, any part of such tax is refunded, the corporation, within ten days after the receipt of such notice of said fact, shall make return on oath to the commissioner of the amount by which the net income originally returned differs from the net income on which the tax was computed by the Federal government upon the latest determination by it of the proper tax, and of the facts giving rise to the difference. If upon such facts an additional tax is due the Commonwealth, the commissioner shall assess the additional tax, and the corporation shall, within thirty days after receipt of notice from the commissioner of the amount thereof, pay such additional tax. If upon said facts a less tax is due the Commonwealth than that paid by the corporation, the State treasurer shall, upon certification of the commissioner, repay within thirty days such difference without any further statutory appropriation therefor."

The facts of the case at bar are such that the decision hinges upon the question whether the words "net income returned" in the first clause of that section mean the "net income returned" by the petitioner in its return made to the Federal government, or the "net income returned" by the petitioner in its return to the authorities of this Commonwealth. The meaning is not perfectly clear. Therefore resort may be had to permissible sources for resolving the ambiguity. The clause in which the quoted words are found is followed immediately by an alternative clause wherein occur the words "net income . . . returned." Confessedly in that clause the words refer to the return made to the Federal government and cannot refer to the return made to the authorities of this Commonwealth. When words are used in one place in a statute with a plain meaning, commonly they are employed in other parts of the same statute with the same meaning, unless countervailing reasons require a different interpretation. Resort may be had to this principle to clear away a doubt as to the meaning to be attributed to a particular word or phrase. *Bay State Street Railway* v. *Woburn*, 232 Mass. 201, 203. *Marcus* v. *Street Commissioners*, 252 Mass. 331, 334, 335, and cases there collected. See *Ridgeway* v. *Munkittrick*, 1 Dr. & War. 84, 93; *Watson* v. *Haggitt*, [1928] A. C. 127. The application of this principle shows that the words "net income returned" at their earliest occurrence in § 36 mean the net income returned to the Federal government and not that returned to the State government. By the same reasoning the words "net income originally returned" occurring later in the same sentence also refer to the return made to the Federal and not to the State authorities.

Said § 36 first is found in our corporation excise law in St. 1919, c. 355, § 5, in substantially the same words. Said c. 355 was based in part upon the report of the joint special committee on taxation of 1919, being Senate Document No. 313. The subject matter of said § 36 and of said § 5 was dealt with in Appendix C, § 3, of that report. In the draft there submitted for the consideration of the General Court the phraseology is unmistakable to the effect the "net income

. . . returned" is that returned to the Federal government and not to the State government. This report is significant as indicating the notion of that committee as to the return intended. All of that committee, with a single exception, were members of the General Court of 1919. This draft section was not embodied precisely in § 5 of c. 355, St. 1919; but, if a change of meaning in this particular from the Federal to the State return had been designed, it seems likely that definite words to that effect would have been used. Resort may be had to legislative history, including committee reports, for the purpose of elucidating a statute of doubtful significance. *Carlos Ruggles Lumber Co.* v. *Commonwealth*, 261 Mass. 445, 447, 448. *Loring* v. *Young*, 239 Mass. 349, 367, 368, and cases there cited. *Hecht* v. *Malley*, 265 U. S. 144, 151, 152, 155, 156. *Everard's Breweries* v. *Day*, 265 U. S. 545, 561, 562.

The natural import of § 36 as a whole appears to be that the "net income returned" to the Federal government is the one intended by the quoted words where they first appear, and not "the net income returned" to the State government. The assessment of the Federal government must be based on the return made to it. Any changes made in that assessment likewise must have reference to that return. The only change upon which § 36 becomes operative is a change between the "net income returned" to the Federal government by the corporation and its "net income" actually taxed by that government. If any other return than that to the Federal government had been intended in any part of § 36, such other return naturally would be specified and not left to hazy implication.

This interpretation is supported by the practical administration of the statute. Any difference in figures between the "net income returned" to the Federal government and that returned to the State government must be known to the corporation making the return at the time the return is made to the State. Such difference ought to be stated then. The basis of the excise exacted by the governing statutes of this Commonwealth in force in 1922 was the "net income returned" to, and the amount of that net income subjected to

taxation by, the Federal government. *American Printing Co.* v. *Commonwealth,* 231 Mass. 237. *Charlton Woolen Co.* v. *Commonwealth,* 252 Mass. 193. The main purpose of § 36 is to meet the case where the Federal government makes a change in its tax from what it would be if collected on the exact amount of net income shown on the return. It would be a strained construction to hold that G. L. c. 63, § 36 was intended to cover the case of a difference between the amount specified in the return of the corporation to the State government as its net income returned by it to the Federal government, on the one side, and the amount actually returned to the Federal government, on the other side.

The conclusion from all these considerations is that the "net income returned," as those words are used in § 36, mean the income so returned to the Federal government. This decision rests upon the interpretation of § 36, the governing statute in 1922. It becomes unnecessary to consider whether St. 1927, c. 148, has force and affect upon the case at bar, *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3, because in any event that statute does not aid the petitioner.

This interpretation of § 36 is not shaken by arguments to be drawn one way or the other from the enactment of St. 1927, c. 148, amending § 36, which, if applicable to the case at bar, would prevent relief to the petitioner. The fact that that statute has been enacted does not militate against the interpretation here given to § 36 before that amendment.

All the arguments advanced in behalf of the petitioner have been carefully considered. Notwithstanding their force, no error is disclosed on this record.

*Exceptions overruled.*