CARROLL A. FARWELL & another *vs.* STATE TAX COMMISSION.

Suffolk.    October 3, 1961. — November 2, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Taxation,* Income tax.

A payment made in 1956 merely of an unpaid balance of the Federal income tax shown by a taxpayer's Federal return to be due on account of his 1955 business income did not constitute a payment of a "deficiency in such [Federal] tax in respect of [business] income . . . for a prior year actually paid" in 1956 within G. L. c. 62, § 6 (c), as amended by St. 1956, c. 517, §§ 1, 2, and the taxpayer was not entitled under § 6 (c) to deduct such payment in computing his net 1956 business income for the purposes of the Massachusetts income tax.   [118–119]

Farwell *v.* State Tax Commission.

The meaning of the term "deficiency" as used in G. L. c. 62, § 6 (c), as amended by St. 1956, c. 517, § 1, with respect to the Federal income tax was to be determined by the definition of that term in 26 U. S. C. (1958) § 6211. [119]

APPEAL from a decision by the Appellate Tax Board.

*John H. Devine,* (*Francis W. Murthur & George J. Elbaum* with him,) for the taxpayers.

*Edward J. McCormack, Jr., & Herbert E. Tucker, Jr.,* for the State Tax Commission, submitted a brief.

CUTTER, J. The taxpayers, husband and wife, seasonably in 1957 filed a joint individual Massachusetts tax return of income received during the calendar year 1956. In computing their taxable business income they deducted $34,336.34 on account of Federal income taxes on business income. Of this amount, $32,884.63 was on account of Federal income tax payments made in 1956 on account of 1955 income. "There was no evidence that" these payments "resulted from an audit [of 1955 income] and extra assessment by the Federal" tax authorities of a tax on 1955 income "because of any erroneous return by the" taxpayers. The $32,884.63 represented "purely a payment [in 1956] of a simple unpaid balance [of Federal tax] from [or with respect to] a prior year."

This payment was disallowed as a deduction. As a consequence, the Commissioner of Corporations and Taxation assessed an additional tax, which with interest amounted to $808.87. The taxpayers' application for abatement was disallowed and the taxpayers appealed to the Appellate Tax Board (the board) which rendered a decision for the State Tax Commission. The foregoing statement of facts is based upon the findings of the board. The taxpayers appealed.

From business income taxable under G. L. c. 62, § 5 (b), and the opening paragraph of § 6,[1] each as in force with respect to 1956 income, there was allowed by § 6 (c), as amended by St. 1956, c. 517, §§ 1, 2 (hereinafter called the

---

[1] See amendments of § 5 (b) through St. 1956, c. 443, § 1, and of the opening paragraph of § 6 through St. 1955, c. 780, § 2.

1956 amendments), applicable with respect to taxable years beginning after December 31, 1955, the following deduction: "(c) All taxes paid within the year to the United States . . . in respect of the profession, employment, trade or business . . . provided, however, that in the case of taxes imposed by the United States in respect of income from the profession, employment, trade or business, the amount deductible shall be an amount equal *to the tax due* under the applicable provisions of the Federal Internal Revenue Code of nineteen hundred and fifty-four *on account of such income received or accrued within the year,* increased by the amount of any *deficiency* in such tax in respect of income from such sources for a prior year actually paid within said year and decreased by the amount of any *refund* of such tax for a prior year received during such year, provided that such *deficiency or refund* has not been taken into account in computing the taxpayer's liability under this chapter for such prior year" (emphasis supplied). Prior to the 1956 amendments, clause (c) read, "(c) All taxes *paid within the year* to the United States . . . in respect of the profession, employment, trade or business . . ."[2] (emphasis supplied). The basis of the deduction (in respects here pertinent) thus has been shifted from (a) relevant Federal tax payments made during the taxable year to (b) the Federal tax due with respect to business income received during the taxable year, plus Federal deficiency taxes on business income of a prior year paid during the year.

The taxpayers contend, in effect, that their payments in 1956 of Federal taxes on 1955 business income constituted

---

[2] The 1956 amendments were based upon 1956 House Bill No. 865. In support of this bill the then Commissioner of Corporations and Taxation filed with the joint committee on taxation of the Legislature a memorandum which was in evidence before the board. This memorandum referred to the complicated computations required to determine the deduction, then based upon Federal tax payments during the taxable year, which frequently would relate to income of more than one year. It then said, "In order to simplify the task of the taxpayer in preparing his return, and that of the Department of Corporations and Taxation in checking its correctness, it seems most desirable that the Federal income tax deduction should be based on the Federal income tax liability attributable to the particular year's income, rather than being based in part on the Federal income tax attributable . . . to the prior year's income." See also 1956 Ann. Surv. of Mass. Law, § 16.8 at p. 157.

a "deficiency in such [Federal] tax in respect of [business] . . . for a prior year actually paid within" 1956 within the meaning of the 1956 amendments. The board correctly rejected this contention.

We hold, as did the board, that we must look to the Int. Rev. Code of 1954 (Title 26 of the U. S. C. [1958]) to determine the meaning of the term "deficiency." Section 6211 establishes that (where, as here, no previous deficiency assessment or rebate of the relevant Federal tax has been shown to have been made) the term "means the amount by which the tax imposed by" the provisions of the Internal Revenue Code "exceeds . . . the amount shown as the tax by the taxpayer upon his [Federal] return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon." This would exclude a mere unpaid balance of a tax (such as that here discussed) shown to be due upon the taxpayer's Federal return. See *American Woolen Co.* v. *White,* 56 F. 2d 716, 718 (1st Cir.) ; *Kurtzon,* 17 T. C. 1542, 1547–1548; *Miller,* 23 T. C. 565, 568. Cf. *Hood Rubber Co.* v. *Commissioner of Corps. & Taxn.* 268 Mass. 355.

The taxpayers contend that a different construction of the statute was made in the instructions about computing the deduction under § 6 (c), given by the commissioner to taxpayers for use in making returns of 1956 income. We think that the instructions are consistent with the board's interpretation of § 6 (c) which we now approve.

The decision of the Appellate Tax Board is affirmed. The State Tax Commission is to have costs of this appeal.

*So ordered.*