EARLE C. PARKS & another [1] *vs.* STATE TAX COMMISSION.

Suffolk.    April 4, 1973. — July 18, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & KAPLAN, JJ.

*Taxation,* Income tax.

Taxpayers, who in 1969 paid a Federal income tax deficiency because of a disallowance of deductions claimed for 1967, were entitled under G. L. c. 62, § 6 (c), to deduct that deficiency payment from their State taxable income for the year 1967, although St. 1969, c. 546, § 1, had abolished this deduction for taxable years commencing after 1968.  [860–862]

APPEAL from a decision of the Appellate Tax Board.

*Robert G. Anderson (Patricia Ann Sullivan* with him) for the taxpayers.

*Kenneth A. Behar,* Assistant Attorney General, for the State Tax Commission.

HENNESSEY, J.   This is an appeal under G. L. c. 58A, § 13, by Earle C. and Bernice D. Parks (taxpayers) from a decision of the Appellate Tax Board (board) affirming the denial by the State Tax Commission (commission) of the taxpayers' application for an abatement of their 1967 Massachusetts income tax based upon a Federal deficiency income tax paid during 1969.   The case was before the board on a statement of agreed facts.

The taxpayers' 1967 joint Federal income tax return was audited by the Internal Revenue Service in 1969, resulting in the disallowance of $6,899.22 for business deductions and $200.98 for medical expense deductions. This resulted in a $4,022.84 Federal deficiency for the year 1967.   The taxpayers paid the deficiency in 1969. The Commonwealth then audited the taxpayers' 1967 State income tax return, disallowed the same deductions, and assessed an additional tax of $218.33 plus $39.30 in

---

[1] Bernice D. Parks, wife of Earle C. Parks.

interest for the year 1967. The taxpayers paid these amounts under protest in 1971, and filed with the commission an application for abatement, which resulted in the instant litigation. The basis for the application for abatement was that while the commission opened up the year 1967 in order to disallow deductions, it refused to allow the taxpayers to deduct the Federal deficiency payment made in 1969, for the 1967 taxable year. The application was denied because of St. 1969, c. 546, § 1,[2] which the commission interpreted as eliminating the deduction for Federal income tax *paid* on business income after December 31, 1968. The commission agrees that had this 1967 Federal tax obligation been paid when the 1967 Federal return was filed, it would have been a deductible business expense on the taxpayers' 1967 Massachusetts return.[3]

The board concurred with the decision of the commission, in an opinion which relied exclusively on one of its own unpublished cases, *Kenna* v. *State Tax Commn.* Appellate Tax Board, Docket No. 56954. Because we conclude that the board's interpretation of the statute involved is erroneous, we reverse.

1. Although the commission admits that the effect of the statute in force in 1967 was to shift the basis of the deduction from Federal tax *payments* to Federal tax *obligations*, see *Farwell* v. *State Tax Commn.* 343 Mass.

---

[2] This section amended G. L c. 62, § 6 (c), by striking out par. (1) and inserting in its place the following: "(1) in the case of taxes imposed by the United States with respect to income from the profession, employment, trade or business, no amount shall be deductible." Section 34 of St. 1969, c. 546, made this amendment applicable with respect to taxable years commencing after December 31, 1968.

[3] The relevant portion of G. L. c. 62, § 6, in effect in 1967, reads as follows: "[I]n computing net income the following deductions shall be allowable. . . . (c) All taxes paid within the year to the United States . . . provided, however, that — (1) in the case of taxes imposed by the United States with respect to income from the profession, employment, trade or business, the amount deductible shall be an amount equal to the tax due under the . . . Internal Revenue Code . . ., increased by the amount of any deficiency in such tax with respect to income from such sources for a prior taxable year actually paid within the taxable year . . . provided that such deficiency . . . has not been taken into account in computing the taxpayer's liability under this chapter for such prior taxable year. . . ."

116, 118, it argues that since, for deduction purposes, the Federal tax due was to be increased by Federal deficiency taxes of a prior year *paid* during the return year, Federal tax deficiencies were not deductible except in the year they were paid. It argues further that since the taxpayers' Federal tax deficiency was not paid until 1969, it would not be deductible until that year. However, since St. 1969, c. 546, § 1, eliminated the Federal tax deduction, taxpayers were "caught in the middle of a tax amendment which no longer provided any deduction or exemption for taxes paid by . . . [them] to the federal government." The board affirmed this view.

This approach is erroneous in at least two respects. First, it assumes that, since under the statute in force in 1967 the deduction for Federal tax due was to be increased by deficiencies *paid,* this was the exclusive method of accounting for Federal tax deficiencies for Massachusetts income tax purposes. This ignores the proviso at the end of the same section which states that the Federal tax due was to be increased by deficiencies paid, "provided that such deficiency . . . has not been taken into account in computing the taxpayer's liability under this chapter for such prior taxable year. . . ." G. L. c. 62, § 6 (c), as appearing in St. 1960, c. 556, § 1. This proviso would only have meaning if Federal deficiency payments could be deducted or accounted for in a year other than the one in which they were paid. That a taxpayer may deduct a Federal deficiency tax in the year in which it was due alternatively to the year in which it was paid is a reasonable expectation, especially where prior years' returns are opened in subsequent audits, as in the case before us.

The second error relates to the commission's and the board's interpretation of St. 1969, c. 546, §§ 1 and 34. They concluded that these sections "no longer provided any deduction . . . for taxes *paid* . . . to the federal government" (emphasis added). This is not what the statute says. Section 1 provides that "(1) in the case of taxes imposed by the United States with respect to

income from the profession, employment, trade or business, no amount shall be deductible." Section 34 provides that "[s]ection one shall take effect upon passage of this act and shall apply with respect to taxable years commencing after December thirty-first, nineteen hundred and sixty-eight." In short, no Federal taxes were to be deductible with respect to taxable years commencing after December 31, 1968. The statute says nothing about payments, contrary to the commission's contention. The taxpayers' Federal deficiency assessment paid in 1969, was a Federal tax with respect to the taxable year 1967. Therefore, St. 1969, c. 546, § 1, does not prevent its deduction. St. 1969, c. 546, § 34.

2. Since our interpretation of the relevant statute settles the issue, we need not reach the constitutional questions raised by the board's interpretation of the statute. We note also that G. L. c. 62, § 6 (c), as appearing in St. 1969, c. 546, § 1, has been struck by St. 1971, c. 555, § 5.

3. The decision of the Appellate Tax Board is reversed. Since there appears to be no dispute over the amount involved, the taxpayers' application for abatement is to be granted in the amount of $123.71 with interest at six per cent per annum from March 31, 1971. G. L. c. 58A, § 13.

*So ordered.*