HARRY A. BROWN *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Middlesex.    March 22, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Tax,* On income. *Words,* "Income."

The excess of gains over losses made subject to taxation by G. L. c. 62, § 5, cannot be more than the actual gain above the original investment, whether that was made before or after January 1, 1916.

The provisions of G. L. c. 62, § 7, afford the means of calculating the gain on a sale for a price in excess of the value on January 1, 1916, when that value is in excess of the value of the original investment made before that date.

One who, between 1868 and 1904, purchased for sums amounting in the aggregate
to $4,600 shares of corporate stock which on January 1, 1916, were of the value
of $1,470, and sold them in 1920 for $4,996.32, should pay an income tax under
G. L. c. 62, § 5, cl. c upon $396.32, and not upon $3,526.32.

COMPLAINT, filed in the Superior Court on August 18, 1921,
under G. L. c. 62, § 47, by way of appeal from the refusal of the
respondent to abate a portion of the complainant's tax assessed
in 1921 on income received during 1920.

The respondent demurred. The matter came on to be heard by
*Fox,* J., without a jury, and, it appearing that both parties agreed
that the facts were correctly stated in the complaint, at the request
of both parties the judge reported the case without decision, under
G. L. c. 231, § 111, for determination by this court on the plead-
ings, upon the terms that if the demurrer should be sustained,
there should be final judgment for the respondent; if the demurrer
should be overruled, then judgment should be entered directing
the respondent to abate the sum of $93.90 from the complainant's
tax, and to have that sum refunded to the complainant from the
State treasury with interest and costs.

*A. Lincoln,* Assistant Attorney General, for the respondent.

*F. M. Qua,* for the complainant.

RUGG, C.J. The complainant purchased shares of stock at
various times between 1868 and 1904 at prices aggregating $4,600.
The value of these shares on the first of January, 1916, was $1,470.
They were sold in 1920 for $4,996.32. The question is whether the
complainant lawfully was taxable for income on the difference
between the cost and sale price or on the difference between the
value on the first of January, 1916, and the sale price. The answer
depends on the true meaning of art. 44 of the Amendment to
the Constitution authorizing the income tax and the statutes
imposing the income tax. The pertinent words of the amendment
are "Full power and authority are hereby given and granted to
the general court to impose and levy a tax on income in the manner
hereinafter provided. . . ." The relevant provisions of the stat-
ute are G. L. c. 62, § 5, "Income of the following classes received
. . . during the preceding calendar year shall be taxed as fol-
lows: . . . (c) The excess of the gains over the losses received by
the taxpayer from purchases or sales of intangible personal prop-
erty . . . shall be taxed at the rate of three per cent per annum.

. . .," and § 7: ". . . In determining gains or losses realized from sale of capital assets, the basis of determination, in case of property owned on January first, nineteen hundred and sixteen, shall be the value on that date, and in case of property acquired thereafter, the value on the date when it is acquired."

"Income" in the amendment and statute expresses a comprehensive idea. It is to be given a broad meaning. It must be rationally construed and not stretched to include purely theoretical as distinguished from practical conceptions. Income as a subject of taxation imports an actual gain. It must mean an increase of wealth out of which money may be taken to satisfy the pecuniary imposition laid for the support of government. *Tax Commissioner* v. *Putnam*, 227 Mass. 522.

Plainly gain derived from the sale of stock comes within the meaning of the word "income." *Osgood* v. *Tax Commissioner*, 235 Mass. 88. *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509.

It is manifest that the actual increase in wealth which came to the complainant out of this transaction in stock did not exceed the difference between the cost to him when he bought and the price received when he sold. The circumstance that on January 1, 1916, the market value of the stock was much less than he paid is an immaterial factor in ascertaining his actual material profit. His investment had been made long before that date at a higher price. He made no purchase on that date.

The excess of gains over losses made subject to taxation by § 5 cannot be more than the actual gain above the original investment, whether that was made before or after January 1, 1916. The terms of § 7 afford the means of calculating the gain on a sale for a price in excess of the value on January 1, 1916, when that value is in excess of the value of the original investment made before that date. The tax law in this respect avoids difficulties pointed out in *Tax Commissioner* v. *Putnam*, 227 Mass. at page 529.

This result is in harmony with the interpretation given to corresponding provisions of the federal income tax law. *Goodrich* v. *Edwards*, 255 U. S. 527. *Walsh* v. *Brewster*, 255 U. S. 536.

It follows that the demurrer should be overruled. In accordance with the terms of G. L. c. 62, § 47 (which differ somewhat from the words of the report), an abatement for $93.90 is granted

and the amount thereof with interest at the rate of six per cent per annum from the time when the tax was paid, and costs, shall be repaid to the complainant by the State treasurer.

*So ordered.*