THE WILLIAM A. SLATER MILLS, INC. *vs.* G. HAROLD GILPATRIC, TREASURER.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A State may levy an excise tax upon a foreign corporation for the privilege of doing business within its limits.

The validity of such a tax does not depend upon the mode adopted in fixing its amount for any specific period, or upon the time of its payment.

Chapter 73 of the General Statutes provides for an annual tax to the State from every corporation—with certain specified exceptions— "carrying on business in this State" which is required to report to the Federal Collector of Internal Revenue; the tax to be computed by the Tax Commissioner on or before the first day of July in each year from reports filed on or before the first day of April, upon the net income of the company for its fiscal or calendar year next preceding, upon which it is required to pay a tax to the United States. The plaintiff, a Massachusetts corporation, sought to recover, as an illegal exaction, a tax assessed against it and paid

Slater Mills, Inc. *v.* Gilpatric.

under protest in 1921, computed upon its net income during the first six months of 1920 from business carried on by it in this State. *Held:*—

1. That these provisions were not intended to, and did not, impose a tax upon a foreign corporation before it had commenced, nor after it had ceased, to carry on business within this State; and therefore the plaintiff's objection upon this score was not well-founded, nor its objection that the State was imposing a tax when it had no jurisdiction of either the person or the property of the plaintiff.

2. That the tax was a valid exaction for the privilege of doing business in this State during the first six months of 1920, and that although the plaintiff's withdrawal from the State thereafter and before the tax had been computed and become payable, might enhance the difficulty of collecting the tax, it did not affect the right of the State to demand the tax nor the duty of the plaintiff to pay it.

A foreign corporation engaged in the service of the Federal government, or in interstate or foreign commerce, cannot be excluded by a State from carrying on business within its limits.

Argued May 5th—decided July 7th, 1922.

APPLICATION in the nature of an appeal from a tax assessment of $6,302, brought to and reserved by the Superior Court in Hartford County, *Kellogg, J.,* upon the facts stated in the complaint, for the advice of this court. *Superior Court advised that tax laid was not illegal.*

*Arthur L. Shipman,* for the plaintiff.

*Ralph M. Grant,* with whom, on the brief, was *Frank E. Healy,* Attorney-General, for the defendant.

WHEELER, C. J.   The question under this reservation upon which the advice of this court is desired, arises upon the stipulated facts.   The essential facts are: that the plaintiff is a Massachusetts corporation, and in 1916 was duly admitted as a foreign corporation to transact certain business operations in Connecticut, and continued such operations until June 30th, 1920, when it ceased them and filed its certificate of withdrawal with the secretary of State.

On March 21st, 1921, the tax commissioner directed the plaintiff to file its income report for the year 1920 with his department up to the date when its certificate of withdrawal was filed in the office of the secretary. The plaintiff, under protest, filed a return within the time as extended by the tax commissioner, showing income as reported in its United States income tax return, of $315,102.23 for the period from January 1st, 1920, to June 30th, 1920. The tax commissioner, acting under Chapter 73 of the General Statutes, assessed on or about August 1st, 1921, against the plaintiff a tax of two per cent of the said net income of the plaintiff received during the period it transacted business in Connecticut during 1920, viz: $6,302.84, and plaintiff subsequently on or about August 24th, 1921, paid the same. We understand from this record that all the net income of the plaintiff upon which this tax of two per centum was assessed, was derived from its business as carried on in Connecticut between January 1st and June 30th, 1920, and shall in our consideration of the case treat this as one of the facts in the case. Upon these facts the parties reserve the following question of law: Is the assessment of a tax upon the plaintiff under Chapter 73 of the General Statutes, on or about August 1st, 1921, illegal, for the reason that the plaintiff had ceased to do any business in the State of Connecticut or or before June 30th, 1920?

General Statutes, § 1391, defines the term "company" as used in Chapter 73, and includes within it "every corporation, joint stock company or association carrying on business in this State which is required to report to the collector of internal revenue for the district in which such company has its principal place of business for the purpose of the assessment, collection and payment of an income tax," and excepts certain named companies. Section 1392 provides:

"Each such company, except as provided in section 1391, shall pay a tax annually to the State computed upon the net income for its fiscal or calendar year next preceding, as hereinafter provided, upon which income such company is required to pay a tax to the United States. Each company subject to the tax imposed under this chapter shall render to the tax commissioner . . . a true copy of the last return made to the collector of internal revenue, of the annual net income arising or accruing from all sources in its fiscal or the calendar year next preceding, stating" certain designated facts. Section 1395 provides: "The tax commissioner, on or before the first day of July in each year, shall make a list of companies subject to the tax computed upon their net incomes . . . , and a tax is laid on each such company equal to two per centum of such net income, and the tax commissioner shall enter the amount of such tax against the name of each such company." The tax so authorized is an excise tax. *Underwood Typewriter Co.* v. *Chamberlain*, 94 Conn. 47, 108 Atl. 154.

The legislative purpose of these provisions was to require corporations of the character of the plaintiff, carrying on business in this State, to pay to the State for the privilege of transacting business within it, an excise tax of two per centum upon their net income for their fiscal or calendar year next preceding, upon which income they were required to pay a tax to the United States. The tax was required to be computed upon the income as shown in the last return made to the collector of internal revenue. This method of computation was convenient for the State and for the corporation. No objection is made to the imposition of a tax of this character. It fell on all corporations, domestic and foreign alike, except certain excepted ones.

These statutory provisions did not intend to impose

a tax upon a foreign corporation for any period when it had not begun to carry on, or had ceased to carry on, business within the State. The tax commissioner's direction to this plaintiff accords with this interpretation of these statutory provisions, and undoubtedly represented the practical construction made by the tax officials. The copy of the last return which the corporation shall render to the tax commissioner is intended by the statute to be for a period when the corporation is carrying on business in the State, and the tax required to be paid is intended by the legislature to cover such period. The legislative intent in imposing this tax on the plaintiff while "carrying on business in the State," is shown in the use of the word "business,"—the fair implication from this word is that it intends business done in the State. Some classes of foreign corporations are so taxed, and it is not to be presumed that the legislature discriminated between different classes of foreign corporations, but rather that the intention was to apply in this particular a like method to all. *People* v. *Equitable Trust Co.,* 96 N. Y. 387, 394.

The controverted grounds upon which the plaintiff rests its contention that the tax in question is illegal, are twofold: First, that this tax could not be laid upon it since it was not carrying on business when the report was required by the statute, or when the tax was laid. Second, that the State had no jurisdiction of it for tax purposes either in April or July, 1921, and hence the tax laid was in violation of the Fourteenth Amendment of the Federal Constitution. The plaintiff rests its first ground principally upon the proposition that the tax being an excise tax, must be laid upon the future exercise of the privilege of carrying on business within the State, and not for the past exercise. The proposition is fundamentally unsound. It fails to

recognize the position of a foreign corporation doing business in a State other than that of its own jurisdiction. Connecticut was under no obligation to permit the plaintiff, a Massachusetts corporation, to carry on business within its bounds. If it chose to accord such permission, it could make its exercise subject to such conditions and restrictions as it might will, and condition, among other things, its right to enjoy this privilege upon the payment of such tax as it might in its discretion impose. The only limitations upon the exercise of this power by the State were that it must not violate the Constitution of the State or Nation, and hence it could not exclude a foreign corporation engaged in the service of the Federal government, or engaged in interstate or foreign commerce. None of these limitations apply to the tax in question. *Bank of Augusta* v. *Earle*, 38 U. S. (13 Pet.) 519, 586; *Paul* v. *Virginia*, 75 U. S. (8 Wall.) 168; *Horn Silver Mining Co.* v. *New York*, 143 U. S. 305, 12 Sup. Ct. 403; 96 Amer. Dec. 338, note.

The plaintiff was under no obligation to carry on business within this State. If it came into, or if it remained in, this State, to carry on business here, it received the benefits conferred by the State's permission. It shared the protection and benefits of its government and laws; it cannot thereafter repudiate the conditions upon which its consent to carry on business here was obtained. There is no injustice in a condition which required it to give, for the support of the government which permits it to carry on business within its jurisdiction, a return for the benefit it receives. The validity of an excise tax upon a foreign corporation "is not determined by the mode adopted in fixing its amount for any specific period or the times of its payment." 57 L. R. A. 81, note. The tax may be a given sum, or it may be measured by the entire capital

of the corporation, or its property, or receipts, or sales, or its dividends, or gross income or profits, or net income or profits. *Singer Sewing Machine Co.* v. *Brickell,* 233 U. S. 304, 315, 34 Sup. Ct. 493; *New York State* v. *Roberts,* 171 U. S. 658, 19 Sup. Ct. 58; *Attorney-General* v. *Electric Storage Battery Co.,* 188 Mass. 239, 74 N. E. 467; *State* v. *Hammond Packing Co.,* 110 La. 179, 34 So. 368; *Tide Water Pipe Co.* v. *Assessors,* 57 N. J. L. 516, 31 Atl. 220; *Halsey* v. *Jewett Dramatic Co.,* 190 N. Y. 231, 233, 83 N. E. 25; *People* v. *Equitable Trust Co.,* 96 N. Y. 387, 394.

The mode or measure to be adopted is a matter of legislative discretion. The mode of laying the tax complained of seems perfectly fair. The corporation is taxed only upon the net profits upon the business it has done within the State during the year. The license fee paid in advance, or the tax upon the basis of the past, paid in advance, may be unfair in its proportion to the volume of business done within the State, but a measure of taxation upon the volume of business actually done in the State and based upon the net income derived therefrom is not a guess upon the future. It gives the corporation a known and determined standard, and upon this it may make its choice to come in or stay out.

The time when the tax is determined is as much within the State's control as is the determination of the mode of taxation. The tax of which the plaintiff complains was fixed by the legislature—two per cent upon the net income for the preceding year. The tax was a matter of mathematics when the rate and the net income were known. The State did not lay this tax after the plaintiff had ceased to carry on business within the State; this tax was laid by the statute before it did business within the State and each year it continued to carry on such business. In this case

the plaintiff seeks to escape the payment of the tax for the six months it was carrying on business here. Its claim that the tax cannot be collected because it is not now carrying on business within the State would, if followed, apply in case it had carried on business for the entire year and then withdrawn before the computation of the tax had been made. It would then have enjoyed the privilege of doing business here for a year, instead of as in this case for six months, and have escaped the payment to the State for the privilege it had enjoyed. The withdrawal of a corporation may enhance the difficulty of collecting the tax: it cannot affect the right of the State to the tax, or the duty of the plaintiff to pay it.

The conclusions we reach do not in the least conflict with the settled principle that the State may not tax persons or property without its jurisdiction. *Delaware Railroad Tax*, 85 U. S. (18 Wall.) 206, 229. This tax had already accrued at the very time of plaintiff's withdrawal. And the plaintiff agreed to pay it when it entered the State and all the time it remained in it; its failure to do so was a breach of the obligation which it had assumed and from which it could not legally escape.

The second ground upon which plaintiff claims the invalidity of this tax, is its violation of the Fourteenth Amendment of the Federal Constitution by imposing a tax when the State had no jurisdiction of either the person or property of the plaintiff. What we have already said shows, and we think conclusively, that this question does not arise upon a reasonable construction of the statute. The case of the *Provident Savings Life Assur. Soc.* v. *Kentucky*, 239 U. S. 103, 36 Sup. Ct. 34, upon which the plaintiff relies in support of its second ground, does not apply to the case here involved.

The Superior Court is advised that the tax whose

repayment the plaintiff seeks to recover was not illegal, and that the question reserved is answered in the negative.

In this opinion the other judges concurred.