THE SINGER MANUFACTURING COMPANY *vs.* G. HAROLD
GILPATRIC, TREASURER.

First Judicial District, Hartford, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

Under § 1392 of the General Statutes, the plaintiff and two of its affiliated companies carrying on business in this State, were required to pay an annual tax upon their net income for the preceding fiscal or calendar year, "upon which income such company is required to pay a tax to the United States." *Held:*—

1. That the plaintiff could not claim exemption from a State tax upon its own net income, merely because a group of extra-State corporations, including, however, the plaintiff, had filed a combined or consolidated return with the federal authorities showing, as a group, such losses as to leave no net income to be taxed; that the plaintiff's finances were to be considered separately and apart from the extra-State corporations, and the tax, if any, assessed accordingly.

2. That in computing the "net income" under our statute, the deductions and credits allowed by the federal law were applicable; and therefore the plaintiff and its affiliated corporations carrying on business in this State in 1920 were entitled to a deduction, from the income for that year, of the excess of their net loss for the year 1919 over their net income for the year 1918, which, when applied, would result in reducing the tax as computed by the tax commissioner from $23,846 to $4,770.

Argued October 5th—decided November 27th, 1922.

SUIT in the nature of an appeal from the action of the Tax Commissioner of this State in assessing a tax of $23,846 upon the net income of the plaintiff and its affiliated companies for the calendar year 1920, brought to and reserved by the Superior Court in Hartford County, *Kellogg, J.*, upon an agreed statement of facts, for the advice of this court. *Judgment advised reducing the tax assessed to $4,770.95, and the return of the excess, with interest, to the plaintiff.*

*Alvan Waldo Hyde,* for the plaintiff.

*Lucius F. Robinson,* with whom, on the brief, was *Frank E. Healy,* Attorney-General, for the defendant.

HINMAN, J.   In the calendar years 1918, 1919, and 1920, the plaintiff was affiliated in its business, within the meaning of the federal income tax law, with several other corporations, including the Singer Sewing Machine Company and the Hamel Shoe Machinery Company, which two companies, with the plaintiff, were engaged in business in the State of Connecticut during the year 1920.   On or about June 15th, 1921, the plaintiff, in behalf of itself and all its then affiliated corporations, filed a consolidated return of their income for the calendar year 1920 with the collector of internal revenue for the district of New Jersey.   In said consolidated return, as permitted by the federal income tax law, there was deducted from the total gross income of all said affiliated corporations, in addition to the other authorized deductions, the excess of the total net loss of all of these corporations for the calendar year 1919, over their total net income for 1918, thereby showing a deficit for all of these corporations combined for the year 1920.   In consequence, no federal tax was assessed and collected upon net income of the plaintiff and its affiliated corporations for the year 1920.

The plaintiff, on or about June 15th, 1921, also filed with the tax commissioner of Connecticut a return substantially identical with its consolidated federal return, for all of these affiliated corporations. Subsequently, at the request of the tax commissioner, the plaintiff furnished the commissioner with information showing the net income of the plaintiff and the two affiliated corporations which were engaged in business within this State during said year 1920, separately computed, and without the benefit of the deduction of the excess net loss for the year 1919 over the net income for the year 1918, to have been $14,377,213.91, and the excess net loss for the year 1919 over the net income for 1918, as $11,500,794.07.

The percentage or proportion of the fair cash value of the real estate and tangible personal property in the State of Connecticut on December 31st, 1920, of the plaintiff and its affiliated corporations engaged in business in the State of Connecticut in the year 1920, to the fair cash value of the entire real estate and tangible personal property then owned by them, with no deduction on account of any encumbrance thereon, was .082933.

The tax commissioner computed the taxable net income of the plaintiff and its affiliated corporations engaged in business in the State of Connecticut for the year 1920, at $1,192,345.48 and assessed a tax of 2% thereon in the sum of $23,846.91.

In making this computation and assessment the tax commissioner made and allowed no deduction on account of the excess of net loss for the year 1919 over net income for the year 1918. Subsequently, within the time required by statute, the plaintiff, under protest, paid to the defendant State treasurer the amount of the tax so assessed.

The questions reserved are, in substance, whether

in computing this tax there should have been deducted (a) any part of the excess of net loss for the year 1919 of the plaintiff and all its affiliated corporations over the net income of these corporations for the year 1918, or (b) the whole or any part of the excess of net loss for 1919 of these corporations engaged in business in Connecticut over net income for 1918 of the plaintiff and its affiliated corporations engaged in business in Connecticut during 1918, or (c) any amount on account of the net loss for 1919 of the plaintiff or any of its affiliated corporations. Also (d) whether or not these corporations were liable to assessment of a tax for the year 1920, and if so, on what basis such tax should have been assessed; (e) whether the whole or any portion of the tax assessed was erroneously assessed and collected; (f) whether or not a tax upon the plaintiff and its affiliated corporations could lawfully be assessed and collected upon income for 1920 upon which these corporations had not been required to pay a tax to the United States; and (g) whether or not the plaintiff is entitled to a judgment for repayment of the whole or any part of the tax so assessed and collected.

The determination as to whether, in the assessment of the tax imposed by the State of Connecticut under Chapter 73 of the General Statutes upon net income of the plaintiff and its affiliated corporations engaged in business in this State for the calendar year 1920, these corporations were entitled to a deduction on account of the excess of the net loss of said corporations for the year 1919 over their net income for the year 1918 and, if so, the method of computation of such deduction and the amount thereof, is decisive of the questions presented by this reservation.

The plaintiff claims that, since the consolidated return of it and all its affiliated corporations for the year 1920 to the federal taxing authorities, disclosed

no taxable net income—because the deduction therein made and allowed on account of excess of net losses of all these corporations for 1919 over their net income for 1918, exceeded this net income for 1920 (after making other authorized deductions), and in consequence no federal tax was assessed against them upon net income for 1920 and they have not paid any such tax to the United States,—no tax is assessable by the State of Connecticut against or collectible from any of them.

This contention is based upon the provision of § 1392 of the General Statutes, that the State tax shall be computed upon the net income of a corporation for its fiscal or calendar year next preceding, "upon which income such company is required to pay a tax to the United States"; it being claimed that, since no federal tax has actually been assessed against all these corporations on their consolidated return, and consequently the plaintiff has not been compelled to pay such a tax, no State tax can lawfully be imposed because the plaintiff corporation has not been required to pay a tax to the United States.

As a matter of convenience to taxpayers and economy to the State, the legislature, in framing its corporation tax law, has not set up a separate standard and another administrative establishment for the measurement of taxable net income, but utilizes the standard of measurement adopted by the federal government. *Underwood Typewriter Co.* v. *Chamberlain,* 94 Conn. 47–65, 108 Atl. 154; *Slater Mills, Inc.* v. *Gilpatric,* 97 Conn. 521, 117 Atl. 806.

Such standard of measurement is not, however, the amount of the tax assessed and collected by the federal government. Were this so, no other information than the amount of said tax would be necessary to an assessment of the State tax. It is manifest that the Connecticut statute (as was said of the similar Massa-

chusetts Act in *American Printing Co.* v. *Common-wealth*, 231 Mass. 237–239, 120 N. E. 686) refers, as a basis for information upon which the State tax is determined, to the federal return, a copy of which is required by § 1392 to be filed with the tax commissioner. Where the computation of net income for purposes of State taxation is not complicated by consolidated returns, apportionment of earnings of corporations doing business in several States, or similar difficulties, the net income computed according to the federal law and regulations and as disclosed by the copy of the federal return is properly to be taken as a basis for assessing the State tax. But when such complications arise, the impracticability of an adherence to and dependence solely upon the federal return as filed is at once demonstrated, and to meet such a situation the tax commissioner must, of necessity, require and obtain additional information, and his authority to do so is not questioned. For example, in the case of corporations engaged in business in several States it is necessary to obtain the facts requisite to apportion the income according to the relative value of tangible property within and without the State. The right of the tax commissioner to obtain a statement of the separate incomes of individual corporations subject to the State's jurisdiction, affiliated with others not so subject but included with them in a consolidated federal return, is requisite to an apportionment, as to and among corporations doing business in this State and which are included with others in a consolidated return, of any deductions allowed by the federal government in computing a consolidated normal income tax. The right to require such a statement was recognized and not disputed in the present case.

The plaintiff's contention is, in effect, that because the financial results of the operations of corporations

not engaged in business in Connecticut are such that, when combined in a consolidated federal return with corporations subject to taxation in this State, no net income is disclosed therein and therefore no federal tax is assessed against the group,—such of said corporations as are engaged in business in this State are thereby necessarily freed from liability to the State tax, although when separate returns of each of the latter, or a consolidated return when proper, disclose, or would disclose, a net income subject to the State tax. Our statute does not compel so illogical a conclusion.

The United States accepts a consolidated return of affiliated corporations carrying on business in several States or in different States. Such a return is, necessarily, made up of, or from, separate statements of the results of the business of each of such corporations for the taxable year. The net income of each company which shows net income enters into and increases, and the net loss of each showing a loss diminishes, the net income, if any, resulting from the combined statements of all and upon which the federal tax is laid. If it appears from the consolidated return that the affiliated corporations, combined, instead of showing a net income for the taxing year have sustained a net loss, the amount of such loss is deductible under the Revenue Act, § 204 (b), from the net income for the succeeding taxable year or years until the net loss is absorbed. The net income earned by one of these corporations, by diminishing the total net loss shown by the companies consolidated in the return, reduces the amount deductible on account of such total net loss in computing the net income of the corporations so consolidated for the succeeding taxable year, and by thus affecting the taxable income for that year, though earned in a previous year, is, in effect, eventually taxed by the United States.

The net income of a corporation engaged in business in Connecticut, computed in accordance with the method of computation prescribed by the federal law, is properly to be regarded, for purposes of taxation by this State, as net income upon which "such company is required to pay a tax to the United States," and is the basis contemplated by our statute for laying the State tax. In the case of two or more corporations doing business in Connecticut and so affiliated as to be entitled to file a consolidated return, the net income of one or more of these corporations, though set against the net losses of the other corporations for the taxable year is, in effect, net income on which a federal tax is laid. The situation is not changed and the State deprived of its rights to lay and collect a tax on such net income merely because, as here, by a consolidation of returns with other extra-State affiliated corporations no tax is actually collected by the United States on account of all said affiliated corporations, taken collectively, for that taxable year.

It follows, however, that in the computation of net income for purposes of taxation in Connecticut, the deductions and credits allowed by the federal law, and which would be given in ascertaining the net income of such corporation if separately computed for purposes of federal taxation, must be allowed in computing net income for the purpose of taxation under the Connecticut statute. *American Printing Co.* v. *Commonwealth*, 231 Mass. 237, 120 N. E. 686. These deductions, as applied to computation of net income of a corporation for the year 1920, include, under § 204 (b) of the United States statute, the excess of a net loss sustained for the year 1919 over the net income for the year 1918.

Hence, in the determination of the income for 1920 of the plaintiff and its affiliated corporations, the

Singer Sewing Machine Company and the Hamel Shoe Machinery Company, these corporations were entitled to have allowed, with the other authorized deductions, the excess of the net loss of the three corporations for the year 1919 over their net income for 1918, which excess amounted to $11,500,794.07. If this sum be deducted from the net income of these corporations which, without benefit of those deductions, was $14,377,213.91, the total taxable net income is $2,876,-419.84. Of this 8.2932 per cent is apportionable to this State, making the income apportioned to Connecticut $238,547.25, and the tax thereon at 2 per cent, $4,770.95.

The plaintiff and its two affiliated corporations were liable to assessment, on the above basis, of a tax for the calendar year 1920.

The foregoing sufficiently answers questions a, b, c, d, and f as submitted. That portion of the tax which exceeds said sum of $4,770.95 was erroneously assessed and collected (question e) and the plaintiff is entitled to a judgment for repayment of the amount of said excess, $19,075.96, with interest (question g).

The Superior Court is advised to render judgment for the repayment by the defendant to the plaintiff of said sum of $19,075.96, with interest.

In this opinion the other judges concurred.