CHARLTON WOOLEN COMPANY *vs.* COMMONWEALTH.

Suffolk.    December 8, 1924. — April 18, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Tax*, Excise on corporation.

A domestic corporation was entitled under G. L. c. 63, § 30; St. 1922, c. 302, to have deducted, from its net income for the year 1922 upon which an excise tax for the year 1923 should be assessed, a loss sustained in the year 1921 and properly deducted, under the provisions of the federal revenue act of 1921, in its return due to the federal commissioner on March 15, 1923.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on February 9, 1924, seeking an abatement of $1,382.62 of an excise tax assessed upon the petitioner for the year 1923 and purported to be based on its net income for the year 1922.

There was an agreed statement of facts.  Material facts are described in the opinion.  The petition was reserved

by *Wait*, J., upon the pleadings and the agreed statement of facts for determination by the full court.

*M. S. June*, for the petitioner.

*A. Lincoln*, Assistant Attorney General for the Commonwealth.

·*H. Whitmore & J. R. Watkins* submitted a brief as *amici curiae*.

BRALEY, J.   The petitioner, a domestic business corporation, brings this petition as provided in G. L. c. 63, § 77, to recover an excise tax for the year 1923 assessed under G. L. c. 63, as amended by St. 1922, c. 302.   If the petitioner prevails the amount recoverable is not in dispute.

It is conceded by the respondent, that the petitioner sustained a net business loss of $64,026.21 for the year 1921 as defined in § 204 of the federal revenue act of 1921, and that in its last federal return of income due March 15, 1923, this loss was deducted.   The question for decision, is, whether the tax commissioner in determining the petitioner's net income for the taxable year of 1923 should have allowed this deduction.

The tax in question was assessed April 1, 1923.   G. L. c. 63, § 30, subsection 5 as amended by St. 1922, c. 302, and subsection 6, in so far as pertinent provides as follows:

"5. 'Net income,' except as otherwise provided in sections thirty-four and thirty-nine, the net income for the taxable year as required to be returned by the corporation to the federal government under the federal revenue act of nineteen hundred and eighteen or the federal revenue act of nineteen hundred and twenty-one, whichever of said acts may be applicable, and, in the case of a domestic business corporation, such interest and dividends, not so required to be returned as net income, as would be taxable if received by an inhabitant of this Commonwealth; less, both in the case of a domestic business corporation and of a foreign corporation, interest so required to be returned, which is received upon bonds, notes and certificates of indebtedness of the United States.

"6. 'Taxable year,' the fiscal or calendar year for which the corporation was required to make its last return to the

federal government due prior to April first of the year in which the tax is to be assessed, or, if such return was for a fractional period, a full year, including and ending with such fractional period."

The tax is to be levied in accordance with the statute, by which the net taxable income of the petitioner is to be measured by the net income for the taxable year required to be returned "to the federal government under the federal revenue act of . . . nineteen hundred and twenty-one." The petitioner made such return prior to April 1, 1923, and if under that return, the accuracy of which is not challenged, the loss was apparently deductible, it should have been so treated in the assessment of the State tax.

It was said in *Stratton's Independence, Ltd.* v. *Howbert*, 231 U. S. 399, 415, " . . . 'Income' may be defined as the gain derived from capital, from labor, or from both combined," and in *Doyle* v. *Mitchell Brothers Co.* 247 U. S. 179, 184, 185, it was held that the portion of gross profits derived from the sale of capital assets, which represents gain or increase received after the date of the federal corporation excise tax act of August 5, 1909, must be regarded as gross income under that act. In determining the net taxable income, if any, where there has been a conversion of capital assets acquired by the corporation before the act took effect, an amount sufficient to restore the capital value is to be deducted from the gross proceeds of the conversion. We assume on the record that the loss caused a depletion of assets to an equal amount, which should be restored out of gross income, leaving the remainder as the net taxable income unless it is prohibited by the Federal Revenue Act of 1921, c. 136, § 204 (a); 42 U. S. Sts. at Large, 231. (*Brown* v. *Commissioner of Corporations & Taxation*, 242 Mass. 242, 244.)

It reads as follows: "That as used in this section the term 'net loss' means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business); and when so resulting means the excess of the deductions allowed by section 214

or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, (3) the amount by which the deductible losses not sustained in such trade or business, exceed the taxable gains or profits not derived from such trade or business, (4) amounts received as dividends and allowed as a deduction under paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost." Subsection (b) § 204 declares that, "If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the commissioner with the approval of the Secretary." By § 232, "in the case of a corporation . . . the term 'net income' means the gross income as defined in sections 213 and 217 less the deductions allowed by section . . . 234" among which are (4) "Losses sustained during the taxable year and not compensated for by insurance or otherwise, unless in order to clearly reflect the income, the loss should in the opinion of the commissioner be accounted for as of a different period . . . ." And by § 239 (a) "That every corporation subject to taxation under this title . . . shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title."

We find nothing in the other sections of the act which seems to be in conflict with the ordinary meaning of these pro-

visions. The Legislature having provided a plain working rule for the guidance of the commissioner, the net loss as returned is to be deducted from gross income, and the tax computed with the allowance of such deduction. *American Printing Co.* v. *Commonwealth,* 231 Mass. 237, 241. *Brown* v. *Commissioner of Corporations & Taxation,* 242 Mass. 242, 244. *Singer Manuf. Co.* v. *Gilpatric,* 98 Conn. 192.

A decree with costs for $1,382.62, and interest from October 20, 1923, the date of the payment of the tax, is to be entered, and a copy transmitted by the clerk to the State Auditor. G. L. c. 63, § 78.

*Ordered accordingly.*