LANGDON, J.
 

 A hearing was granted in this case upon petition of both appellant and respondent State Controller, after decision by the District Court of Appeal, Second District, Division One, mainly for the purpose of giving con
 
 *300
 
 sideration to a recent case from another jurisdiction just decided. Upon a study of this and other authorities, we are satisfied that the District Court of Appeal has correctly decided the main issue involved herein, and we accordingly adopt the following part of the opinion of Mr. Justice
 
 pro tempore
 
 White as part of the opinion of this court:
 

 “Two appeals are before us from the same judgment rendered by the trial court. One appeal is by the Insurance Commissioner of the State of California from that part of the judgment wherein it was decreed that the Peoples Mutual Life Insurance Company, a California corporation, was liable for the state insurance company tax which was assessed by the state board of equalization between the first Monday in March, 1933, and the first Monday in July of that year, notwithstanding the fact that the company was not doing business in this state on the first Monday in March, 1933, and had been prohibited from doing business in this state by order of the superior court, dated November 10, 1932, decreeing its insolvency .and directing its liquidation. From that holding the insurance commissioner, as statutory liquidator of the company, takes this appeal.
 

 “The second appeal is taken by the State Controller from that part of the judgment which decreed that the insurance company, which was ordered liquidated by the superior court of the county of Los Angeles on November 10, 1932, and which thereafter did no business in California, was liable for penalties for default in the payment of taxes accruing prior to November 10, 1932, the date of the order of liquidation, but was not liable for penalties accruing after the date of such liquidation order.
 

 “The facts are undisputed, and epitomized, are that Peoples Mutual Life Insurance Company was an insurance company doing business as such in the state of California during that portion of the calendar year 1932 prior to November 10, 1932, on which day the court below, after full hearing upon the petition of the State Insurance Commissioner, adjudged the company insolvent, terminated its right to do business, and ordered it liquidated pursuant to the provisions of Act 3739 of Deering’s General Laws (Stats. 1919, p. 265, and amendments thereto). By said order the Insurance Commissioner was appointed liquidator. At no time after November 10, 1932, was the company engaged in the business
 
 *301
 
 of insurance, or doing business as an insurance company, in the state of California or elsewhere. Between the first Monday in March, 1933, and the first Monday in July, 1933, the state board of equalization purported to assess and levy a state tax against said company in the . sum of $2,284.70, representing the statutory percentage of the gross premiums received by the company from business done by it in California during the calendar year 1932, less the deductions provided by law. That tax was not paid. The State Controller filed with the liquidator a claim of the state of California for the tax in question. The claim was rejected by the liquidator, whereupon the action of the liquidator was reviewed by trial had in the manner provided by section 8 (c) of the liquidation statute (as amended, Stats. 1933, p. 1422).
 

 " On the appeal taken by the State Insurance Commissioner as liquidator, it is contended that the state insurance company tax imposed by section 14 of article XIII of the Constitution of California is a property tax; that it is imposable only upon a company doing business on the tax accrual date; that the accrual date of said tax for the 1933 levy was the first Monday in March of 1933; and that Peoples Mutual Life Insurance Company was not subject to that tax for the year 1933 because it was not doing business and was prohibited from doing business on the first Monday in March 1933. Appellant Insurance Commissioner earnestly asserts that the test of tax liability is the existence of taxable property on the first Monday in March, and that because the insurance company was not engaged in the business of insurance on the first Monday in March, 1933, and had not been so engaged since November 10, 1932, the state board of equalization was without authority to levy what appellant Insurance Commissioner contends was a property tax as of the first Monday in March, 1933.
 

 “Appellant Insurance Commissioner argues that under subdivision (a) of section 14 of article XIII of the Constitution, there is imposed the so-called state gross receipts tax upon railroad companies, car companies, telegraph and telephone companies, and gas and electric companies; that our Supreme Court has declared that said tax upon each of these utilities was a property tax and not an excise or privilege tax'; and that it follows therefrom that subdivision (b) of the same constitutional provision which we have under consideration
 
 *302
 
 imposes the same so-called state gross premiums tax upon insurance companies, and that the same constitutes a property tax and not an excise or privilege tax. However, our Supreme Court, in the case of
 
 Consolidated Title Sec. Co.
 
 v.
 
 Hopkins,
 
 1 Cal. (2d) 414, 417 [35 Pac. (2d) 320]
 
 (certiorari
 
 denied, 294 U. S. 716 [55 Sup. Ct. 515, 79 L. Ed. 1249]), declared that there are important distinctions between those provisions of section 14, subdivision (a) of article XIII, establishing the public utilities gross receipts tax, and the provisions of section 14, subdivision (b), under which insurance companies are required to pay a gross premiums tax, by reason of which the decisions under the public utilities tax provisions are not necessarily controlling as to insurance companies. In the case just referred to, the Supreme Court, at page 418, after explaining that the theory of the public utilities tax under section 14, subdivision (a), is that gross receipts from operation furnish a fair measure for estimating the value of operative property and computing the tax upon it, uses this decisive language with reference to the tax on insurance companies (p. 419): ‘The gross premiums tax required to be paid by insurance companies, although in lieu of certain taxes
 
 upon
 
 property, is not, like the public utilities gross receipts tax, by the terms of the constitutional provision itself a tax
 
 upon
 
 property. Rather, (italics added)
 
 it is a franchise tax exacted for the privilege of doing business in this state,
 
 and is recognized as such in the amendment to section 14 which goes into effect on January 1, 1935.’ We therefore hold that the tax on insurance companies levied pursuant to section 14, subdivision (b), of article XIII of the Constitution is an excise or privilege tax and not, as contended by appellant Insurance Commissioner, a property tax. The trial court, therefore, was correct in holding that Peoples Mutual Life Insurance Company became liable for the tax here in question during 1932, because it received in the course of doing business the premiums upon which the tax was imposed, and such tax is for the privilege of doing business during the year in which the premiums were received by the insurance company.”
 

 The recent decision called to our attention is
 
 State
 
 v.
 
 General American Life Ins. Co.,
 
 132 Neb. 520, 272 N. W. 555. It was therein held that the gross premiums tax on foreign insurance companies was not a property tax, but an excise tax
 
 *303
 
 upon their privilege of doing business in the state. In this respect the case is in complete accord with our own view, hereinabove expressed. The court further states that it is a “prospective” tax, and “it never became a valid obligation against the defendant, because the old company, which had failed and been taken over and sold by the superintendent of the insurance department of Missouri, never asked for the right to sell insurance in Nebraska for that year”. This conclusion is stated without any discussion, and we are unable to follow it here in view of the obvious purpose of our own constitutional and statutory provisions, namely, to tax the company for the privilege of doing business, and to impose that tax on the gross premiums received in such business. And there is no reason why a tax based upon business done during one year may not be levied and collected in the following year. Payment of the tax may precede the exercise of the privilege or it may follow it, depending upon what system the legislature chooses to provide; and where, as here, the tax is in proportion to the amount of business alone, it is both equitable and convenient that it be paid after the conclusion of the year in which the privilege is exercised. The choice of such a method is within the legislative discretion. (See
 
 William A. Slater Mills
 
 v.
 
 Gilpatrick,
 
 97 Conn. 521 [117 Atl. 806];
 
 Commonwealth of Massachusetts
 
 v.
 
 Meehan,
 
 (C. C. A.) 67 Fed. (2d) 638.) The argument of the Insurance Commissioner would necessarily lead to a complete exemption of the company from taxation during the year 1932, in which it did a substantial business. Such an interpretation of the constitutional and statutory provisions is entirely unwarranted, and cannot be made where a more reasonable inference is possible. (See
 
 People
 
 v.
 
 Metropolitan Surety Co.,
 
 158 App. Div. 647 [144 N. Y. Supp. 201].)
 

 The remaining question, raised by the State Controllers’ appeal, is whether the penalty for delinquency was properly charged to the company. The trial court was of the opinion that since the penalty accrued after appointment of the Insurance Commissioner as liquidator, the property was then in the custody of the law and no penalties could thereafter be imposed for acts in carrying on the liquidation. While there is some difference of opinion in the cases, we think the better view is that property thus in the custody of the law is not removed from the power of taxation, for the percentage penalty for delinquency is as much a part of the
 
 *304
 
 tax as the principal amount. (See
 
 State of California
 
 v.
 
 Hisey,
 
 (C. C. A.) 84 Fed. (2d) 802, 805.)
 

 With respect to the matter of interest, it appears to be conceded that the state’s tax claim does not bear interest, and therefore the trial court ruled correctly in denying it.
 

 That part of the judgment which denies recovery of penalties for delinquency is reversed, with directions to the trial court to give judgment for the State Controller for such penalties; and the judgment is in all other respects affirmed.
 

 Curtis, J., Edmonds, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.
 

 Rehearing denied.