Commonwealth *v.* Warner Bros. Theatres, Inc., Appellant.

Argued May 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*D. Benjamin Kresch,* with him *Wolf, Block, Schorr & Solis-Cohen, Morris H. Goldman* and *Manuel Kraus,* for appellant.

*Frank A. Sinon,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, June 29, 1942:

This is an appeal by Warner Bros. Theatres, Inc., from the judgment of the Court of Common Pleas of Dauphin County, sustaining a tax settlement against it for the year ending August 31, 1937. The amount of tax in question is $8,262.01.

The tax is levied under the Act of May 16, 1935, P. L. 208, as amended by the Act of April 8, 1937, P. L. 227, 72 PS Sec. 3420a, Sec. 3, which provides: "Every corporation shall be subject to and shall pay *for the privilege of doing business in this Commonwealth,* a State excise tax . . . at the rate of ten per centum . . . upon all net income received by, and accruing to, such corporation during the fiscal year commencing in the calendar year 1936 and ending in the calendar year 1937 . . .". Net income is defined by Section 2, "Net income. 1. In case the entire business of the corporation is transacted within this Commonwealth,* net income for the calendar year or fiscal year *as returned to, and ascertained by* the Federal Government . . .". (Italics supplied.)

At the outset, it is to be observed that we are not considering an income tax, but an excise tax for the privilege of doing business in the Commonwealth, based upon net income as returned to and ascertained by the Federal Government. When this situation is borne in mind, the doubts as to the legality of the tax suggested

---

* In this instance it is.

by appellant disappear. Net income as ascertained is the base upon which the tax is measured, not the tax itself. How it was fixed by the Federal authorities is of no concern to the taxing officers of the Commonwealth nor to its statute. The rate of the income tax may vary, or the method of its computation, but as a base, it is unvarying.

We think what has been said answers appellant's argument, that in designating net income as the base for the tax there has been a delegation of legislative power in violation of Article IX, Section 1, of our Constitution. If the legislature had the constitutional right to levy a graduated income tax and should provide that it should be the same as fixed from time to time by the Federal Government, then we would have a situation such as appellant contends against. The concrete fact upon which appellant predicates its argument is that in determining what is net income, the Federal statute permits only $2,000.00 of capital losses to be deducted, instead of the total thereof, which, for the year in question, amount to $84,000.00 so far as appellant is concerned, and that the deductions allowed in different years have and may vary, and, therefore, the power to vary is in the Federal legislative branch of government and not in the keeping of our own legislature, where the Constitution fixes it. But the Act does not delegate the power to tax to the Federal tribunal, it only takes the net income fixed by it as the base for the excise privilege tax levied by the Commonwealth. *Holgate Bros. Co. v. Bashore,* 331 Pa. 255, 200 A. 672, supports the view we take rather than that of appellant, as it contends. We there held the General 44-Hour Week Law of July 2, 1937, P. L. 2766, unconstitutional because it provided that the schedule of hours should conform to the schedule established by the Federal Government. That case would be an analogue, if an income tax statute had been passed, similar to such as the Federal Legislature might enact, which, as before pointed out, is not the case. As said in *Bass, Ratcliff &*

*Gretton v. State Tax Commission*, 266 N. Y. 271, 280, dealing with a statute similar in import to ours, the tax "Is not a direct tax upon the allocated income of the corporation in a given year, but a tax for the privilege of doing business in one year measured by the allocated income accruing from the business in the preceding year." Courts of other states have upheld a state tax based upon net income as established by the Federal statutes: *People v. Knapp*, 227 U. S. 64, 124 N. E. 107; *Singer Mfg. Co. v. Gilpatric*, 98 Conn. 192, 118 Atl. 919; *Santee Mills v. Query*, 122 S. C. 158, 115 S. E. 202; *Charlton Woolen Co. v. Commonwealth*, 252 Mass. 193, 147 N. E. 594; *Featherstone v. Norman*, 170 Ga. 370, 153 S. E. 58. In *Underwood Typewriter Co. v. Chamberlain*, 74 Conn. 47, 108 A. 154, affirmed 254 U. S. 113, it was said: "The third question requires no discussion. The Federal Income Tax Law . . . is a domestic statute. No delegation of legislative authority is involved in adopting its definition of net income." In *Head v. McKenney*, 6 S. E. 2d 405, the Supreme Court of Georgia upheld a tax based upon Federal income statutes as not delegating state legislative power, saying: "The State Revenue Commission, in assessing the tax against McKenney, merely adopted the Federal method of calculating his net income, under the Federal statute as the State's method of accomplishing that result, and properly assessed the tax due to the State as one-third of the amount which he had paid to the United States. Such adoption was not a delegation to the Federal authorities of the State's power to tax . . .". We conclude that there has been no delegation of legislative authority.

We can dismiss the contention that the act in question violates Article III, Section 6, of the Constitution, providing that, "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be reënacted and published at length" by stating that if the argument is

meant to assert that the Act of Congress providing for an income tax is embodied in the statute, it is obvious that no such thing is done.

The Act before us does not violate the Uniformity provision of the Constitution (Art. IX, Sec. 1). It by its terms applies to all corporations with which the Commonwealth has power constitutionally to deal by making their net income subject to the tax: *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, 184 A. 37; *Com. v. Columbia Gas & Elec. Corp.*, 336 Pa. 209, 8 A. 2d 404. Where the base is the same and the rate unvarying, there is no lack of uniformity.

The court below correctly held appellant liable for the tax.

Judgment affirmed.