## In re Erie Gross Receipts Tax

*Gifford, Graham, MacDonald & Illig, Brooks, Curtze & Silin, English, Quinn, Leemhuis & Plate, E. C. Filer,* and *T. P. Dunn,* for appellants.

*Maurice J. Coughlin,* city solicitor, and *George W. Schroeck,* assistant city solicitor, for appellee.

EVANS, P. J., April 22, 1950.—This appeal is before the court on petition of 47 manufacturing corporations

doing business in the City of Erie. The subject of appeal is Ordinance No. 8429, passed by the city council on February 18, 1949, for the purpose of imposing an excise tax of one tenth of one percent of the gross receipts from all transactions in or arising out of manufacturing in the City of Erie. The Act of June 25, 1947, P. L. 1145, is claimed as authority for this levy, which is referred to in the city's ordinance as an excise tax.

Appellants advance several reasons, amply supported by Federal and State authority, which require that we hold the ordinance illegal and inoperative. These decisions will be cited in connection with our discussion of the points raised.

While the Act of June 25, 1947, authorizes municipalities to levy a tax in certain instances, it withholds from municipalities the right to levy, assess and collect any tax on a privilege, transaction or subject which is now or hereafter becomes subject to a State tax or license fee. It will thus be noted that the State carefully guards against any municipality tapping the sources of revenue considered necessary for State purposes. As contended by appellants, this ordinance attempts to tax subjects already taxed by the State and therefore constitutes double taxation contrary to the provisions of the act of assembly relied upon.

We quote from the opinion of Mr. Justice Linn, in Murray et ux. v. Philadelphia et al., 364 Pa. 157, as follows:

"In determining whether double taxation results, whether the city tax conflicts with that imposed by the state, the practical operation of the two taxes is controlling as against mere difference in terminology from time to time employed in describing taxes in various cases. . . . In construing the Act, it is immaterial that state taxes have been referred to as excise or franchise taxes or by any other adjective; the reality controls."

This opinion, handed down February 14, 1950, after argument in the appeal now before us, overrules or distinguishes most of the authority cited by the city in support of its position.

The manufacturing corporations in the City of Erie pay to the State of Pennsylvania a corporate net income tax and a capital stock tax. These are taxes imposed upon corporate property: Murray v. Philadelphia, supra. The proposed tax under the city ordinance, like the income tax considered in the Murray case, is a tax on corporate property and is therefore contrary to the provisions of the Act of June 25, 1947, from which it stems. Although not argued, nevertheless in one of its briefs the city raised the point that this tax is for the privilege of manufacturing and therefore is not subject to the objection just discussed. As stated in Murray v. Philadelphia, supra, describe this tax any way one will, it still remains a property tax; but even under the contention that it is a tax for the privilege of doing business, it still constitutes double taxation. This is because that privilege of doing business is also taxed by the State of Pennsylvania through its corporate net income tax for local corporations and its franchise tax for foreign corporations: Turco Paint & Varnish Company v. Kalodner et al., 320 Pa. 421; Commonwealth v. Warner Bros., 345 Pa. 270; Commonwealth v. Eaglis, 354 Pa. 493.

It further appears that the proposed tax is unconstitutional as being a burden on interstate and foreign commerce. Testimony taken at the time of hearing shows wide variations in the types of business conducted by those affected by the proposed tax, but in the aggregate approximately 75 percent of the sales and income therefrom upon which the levy was to be made must be classified as interstate commerce. For instance, in some cases the articles are manufactured in Erie but

the sale is consummated and the articles are delivered in another State. An article manufactured in Erie may constitute only a part of what is bought and sold in an entire contract which will include accessories and materials purchased outside of the State. Many transactions are for goods manufactured and sold outside of the City of Erie, even though the money therefor is paid at the Erie office.

A long line of Federal authorities, including Adams Manufacturing Company v. Storen et al., 304 U. S. 307, 58 S. Ct. 913; Gwin, White & Prince, Inc., v. Henneford et al., 305 U. S. 434, 59 S. Ct. 325; Richfield Oil Corporation v. State Board of Equalization, 329 U. S. 69, 67 S. Ct. 156, and Freeman v. Hewit, 329 U. S. 249, 67 S. Ct. 274, are all to the effect that taxes similar to the one here in controversy, although nominally imposed on the taxpayer's activities within a certain State, actually in their operation reach the entire interstate commerce rendered both within and without the State and burden such interstate commerce in direct proportion to its volume. Those cases all hold that if such a tax may be levied where the goods are manufactured, they could likewise be levied in States through which the goods are transported and in States where they are ultimately received. Taxation which thus burdens interstate and foreign commerce has been uniformly held to be in contravention of article I, secs. 8 and 10, of the Constitution of the United States.

Contention is made that even though there may be certain instances in which the ordinance should be held inoperative as a burden on interstate commerce, yet for that reason alone it may not be stricken out in toto but must remain in force where such objection may not be raised. However, a receiver of taxes has no authority to assume this legislative prerogative nor may it be delegated to him: Murray v. Philadelphia, supra.

Other objections are based on the contention that no reasonable basis for the amount of tax collectible exists or was inquired into at the time the ordinance was passed. Further objection is made that the budget having been adopted and taxes having been levied to meet it on December 15, 1948, the ordinance of February 18th of the subsequent year, imposing this additional tax, is contrary to law and therefore unenforcible. In our opinion both of these contentions have merit but further comment with regard to them we deem unnecessary in view of the more compelling reasons which we have hereinbefore discussed and which we conclude require us to hold Ordinance No. 8429 to be illegal.

And now, to wit, April 22, 1950, the appeal is sustained, the ordinance is unlawful and the tax imposed thereby is invalid.