## Whitehall Township v. Male

*M. Jack Morgan*, for plaintiff.

*Morris Efron* and *Robert E. Haas*, for defendant.

DIEFENDERFER, J., December 4, 1950.—Leon M. Male, defendant, operated an outdoor motion picture theatre in Whitehall Township, known as the Seventh Street Drive-In Theatre. Plaintiff, Whitehall Township, on March 8, 1948, enacted ordinance no. 460 which imposed a tax for general township purposes upon admissions to amusements in the township.

Defendant leased a tract of land in the township and constructed a drive-in theatre thereon which accommodates several hundred parked automobiles and is enclosed by a wood fence on one side and a wire cable on the other three sides. It has a large outdoor motion picture screen so constructed that occupants of automobiles parked within the theatre grounds can see the movies projected thereon, by remaining seated in their automobile. The theatre was in operation in 1949 from April 29th to November 10th.

During this period, while pedestrians were admitted free and without charge, the sum of 50 cents per automobile was levied and collected by defendant from all automobiles admitted to the theatre regardless of the number of persons or passengers therein.

Ordinance no. 460 was enacted under the authority granted to certain municipalities, including first class townships, by the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1. This ordinance went into effect April 8, 1948. After the ordinance became effective in 1948 defendant applied for and was issued an amusement permit for his theatre and he filed monthly reports and paid admission taxes on the charge collected from the automobiles attending the theatre. In 1949 defendant, although applying for and receiving an amusement permit in accordance with the ordinance, failed to file the monthly reports with the township secretary or pay the tax imposed by the ordinance until after his arrest by Justice of the Peace Charles A. Milson in September 1949.

Thereafter he filed monthly reports of the number of automobiles attending his theatre but failed and refused to pay over to the township secretary any of the tax due and owing on the admissions collected in the year 1949.

On December 1, 1949, plaintiff's complaint was filed for recovery of the admission tax calculated at the rate of eight percent of each 50 cents admittedly collected by defendant from automobiles attending the theatre from April 29, 1949, to November 10, 1949. Defendant filed an answer thereto denying any tax was due plaintiff and alleging that the charge of 50 cents was not an admission charge but a charge for the privilege of parking on the ground of defendant. The case was tried without a jury by agreement of counsel and August 21, 1950, the decision of the court was filed holding defendant liable for the amount of taxes im-

posed under ordinance no. 460. On September 19, 1950, defendant filed exceptions and the case is now before the court on these exceptions.

Two questions arise as follows:

1. Was the charge of 50 cents per automobile, collected by defendant in the operation of the Seventh Street Drive-In Theatre, during the year of 1949, an "admission" within the meaning of Township Ordinance No. 480?

2. Do the provisions of Township Ordinance No. 460, violate article IX, sec. 1, of the Pennsylvania Constitution, which requires that all taxes shall be uniform upon the same class of subjects?

Plaintiff claims that the 50 cents paid by automobiles as defendant alleges for parking actually was an *admission* as defined under the ordinance.

The tax imposed by this ordinance no. 460 is not a tax on defendant or operators of other amusements within the jurisdiction of plaintiff. Defendant was required to collect the tax and make a return to the township secretary of the amount of the tax collected, based on the number of paid admissions. It was a ministerial act: Wilkinsburg v. School District et al., 40 Municipal Law Reporter 221. Defendant admits he paid the tax in 1948.

While it is not controlling on the subject, it is interesting to note the following paragraph of United States Deputy Commissioner's opinion issued November 30, 1949:

"Drive-in theatres are designed to serve patrons who will arrive in a car and witness a motion picture while remaining in a car. The term 'parking charge' ordinarily implies a charge made for parking a car while the passengers are elsewhere than where the car is parked. Such a charge does not ordinarily denote a charge made for 'parking' a car while the occupants are witnessing an outdoor motion picture or

some other attraction. From these circumstances it must be concluded that the so-called 'parking charge' made by a drive-in theatre is not a bona fide charge for the parking of a car but is, in fact, a charge for admission and is subject to the admissions tax imposed by section 1700 (a) of the Internal Revenue Code, as amended. Since there is no established price for a single admission, the charge of 50 cents made to persons admitted in cars is the admission charge to the place and is subject to tax of 10 cents even though such amount covers the admission of one or more persons."

While defendant charged 50 cents for parking at his place of business it actually was the established admission charge to the amusement and calling it by another name does not change the actual facts connected with the operation of the theatre. And this is so even though the charge allowed more than one individual to enter and attend the movie.

Defendant further alleges that the operation of the theatre was incidental to the operation of the refreshment stand. The records show that a sum in excess of $10,000 was collected by defendant during the six months of operation in 1949 from persons attending the theatre in automobiles. There is no mention made of the business done by defendant at the refreshment stand located on the premises, during the same period. Any other reasons defendant had for admitting pedestrians free of charge while fixing and exacting a charge from persons attending his place of business in automobiles are immaterial in the decision in this case. The parking charge was nothing more than a subterfuge to escape the exact wording of the ordinance and actually is an admission charge.

Defendant also questions the constitutionality of the township ordinance. The Act of June 25, 1947, authorizing plaintiff to enact the ordinance in question, has been held to be constitutional and not repugnant

to the requirement of article IX, sec. 1 of the Pennsylvania Constitution, that all taxes shall be uniform: English v. School District of Robinson Township, 358 Pa. 45. The tax is on sales of admission to places of amusement, not on individual persons. Where the base is the same and the rate of the tax unvarying it has been held that there is no lack of uniformity contrary to the Pennsylvania Constitution: Commonwealth v. Warner Bros. Theatres, Inc., 345 Pa. 270.

Therefore it appears to the court that the exceptions are not well founded.