## Commonwealth v. Henderson

Paul W. Tressler, District Attorney, for Commonwealth.

Vincent A. Cirillo, for defendant.

TREDINNICK, J., December 17, 1971.—Defendant has been indicted, inter alia, of a violation of the Drug, Device and Cosmetic Act of September 26, 1961, P.L. 1664, 35 PS §§780-1, et seq. While the indictment is broadly drawn, it appears that the particular violation charged is possession of a dangerous drug, Aldomet. That substance achieves its status as a dangerous drug as follows: (1) Section 2(h)(4) of the act defines a dangerous drug as including a drug "limited under the Federal Act to use under the professional supervision of a practitioner licensed by law to administer such drug"; (2) the Federal Drug Administration, acting under authority of section 503 of the Federal Food, Drug and Cosmetic Act of June 25, 1938, 52 Stat. 1051, 21, U.S.C. 353, as amended, has designated Aldomet as requiring professional supervision.

Defendant avers that the foregoing involves an unconstitutional delegation of legislative power, urging that the legislature has, in effect, delegated to an administrative agency the power to convert an otherwise lawful act into a criminal act.

For purposes of this opinion, it is assumed that Aldomet was designated by the Federal Drug Administration as a drug requiring a prescription after the Federal act was adopted in 1938 through administrative action, and was not a part of a list known to, and approved by, Congress at the time of the adoption of that act, and after the adoption of the Pennsylvania act in 1961.

Defendant relies upon Commonwealth v. Sweeney, 61 Pa. Superior Ct. 367 (1915), wherein there was dictum indicating that drug lists may not be added to by administrative action after an act approving an existing list. However, Kellerman v. Phila., 139 Pa. Superior Ct. 569 (1939), cites the Sweeney case, and others, as standing for the principle that, page 574:

"The legislature constitutionally may refer to a person or body of persons, within limits, set by the terms, purpose or policy of the enactment, or by recognized scientific findings in various fields, the independent determination of facts upon which the application or enforcement of the law is to depend."

See also Holgate Bros. Co. v. Bashore, 331 Pa. 255 (1938).

While the foregoing establishes that our legislature may, under appropriate safeguards, delegate authority in these situations, may it permit determinations to be made by an administrative body created and governed by Federal law? It appears that the answer is in the affirmative. In Commonwealth v. Warner Bros. Theatres, Inc., 345 Pa. 270 (1942), the Supreme Court held it proper to levy an excise tax on local business using as a tax base, net income, as defined by Federal law. More to the point perhaps, is the Sweeney case, supra, wherein it was held that a delegation of power to a Federal administrative

agency to define what a "drug" is for purposes of the Pennsylvania Drug Act was not an improper delegation of legislative power.

Accordingly, we find no merit in defendant's contentions and enter the following

ORDER

And now, December 17, 1971, defendant's motion to quash the indictment is dismissed.