STATE v. CASUALTY MUTUAL INSURANCE COMPANY (FORMERLY AUTOIST MUTUAL INSURANCE COMPANY).[1]

November 13, 1942.

No. 33,130.

*Orr, Stark & Kidder,* for appellant.

*Faegre & Benson, Hayner N. Larson,* and *Paul J. McGough,* substituted as attorneys for appellant on petition for reargument.

*J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy Attorney General, *Edward J. Devitt,* Assistant Attorney General,

[1]Reported in 6 N. W. (2d) 800.

and *William W. Watson,* Special Assistant Attorney General, for the State.

GALLAGHER, CHIEF JUSTICE.

Action by the state to recover a tax claimed to be due on defendant's gross premiums for the year 1936. The case is here on appeal from the judgment entered pursuant to an order for judgment for the state on the pleadings. It was argued here on April 6, 1942, but, because of the importance of the questions involved, it was restored to the calendar for reargument, which was had on October 13, 1942.

These facts appear from the pleadings: Defendant is an Illinois insurance corporation. It was authorized to and did transact business in Minnesota during 1936 and until May 15, 1937. During 1936 it received gross premiums on its business in this state amounting to $246,897.93. It did not pay any tax on these premiums. The state levied a two per cent tax thereon, which defendant refused to pay. It does not appear that defendant owned any real or personal property in Minnesota during any part of the time here involved.

The state claims that defendant is subject to a tax on the premiums received by it during 1936 in virtue of Minn. St. 1941, § 60.63 (Mason St. 1927, § 3347), which so far as here material provides:

"Every domestic and foreign company, * * * shall pay to the state treasurer, on or before April thirtieth, annually, a sum equal to two per cent of the gross premiums, less return premiums, on all direct business received by it in this state, or by its agents for it, in cash or otherwise, *during the preceding calendar year.*

"In the case of every domestic company such sums shall be in lieu of all other taxes, except those upon real property owned by it in this state, which shall be taxed the same as like property of individuals, and in the case of every foreign company such sum shall be in lieu of all other taxes, except those upon real and personal property owned by it in this state, which shall be taxed the same as like property of individuals." (Italics supplied.)

Defendant claims: (1) That the tax in question is a license fee for the privilege of doing business in the state during the year for which the license is issued in virtue of (a) the provisions of *Id.* § 60.59 (§ 3343) that, upon the approval of the annual statement required to be filed showing the business and condition of an insurance company during the preceding calendar year, the commissioner of insurance shall issue a renewal license for the succeeding year beginning June 1, and (b) the rule that, except as otherwise provided, laws for the imposition of taxes are prospective in operation; and (2) that the provision that the tax in question shall be in lieu of all taxes, except those upon *real* property, of a domestic company, and of all taxes, except those upon *real* and *personal* property, of a foreign company, denies to foreign companies the equal protection of the law by discriminating in favor of domestic against foreign companies as to the effect of payment of the tax.

It is quite plain that the statute imposes a specific tax upon premiums received annually by insurance companies. Entirely absent is any provision that payment of the tax is exacted as a condition precedent to the issuance of a renewal license for the succeeding year. The statute is explicit that the tax is upon premiums received by insurance companies "during the preceding calendar year." The amount of the tax is computed after the premiums have been received, at a rate fixed prior thereto by statute. The tax is due whether or not a company secures a renewal license. It is not a license tax for the privilege of continuing in business, but a tax on premiums for the year during which they were received. Statutes similar to § 60.63 have been generally so construed. Carpenter v. Peoples Mut. L. Ins. Co. 10 Cal. (2d) 299, 74 P. (2d) 508; Pacific Mut. L. Ins. Co. v. Hobbs, 152 Kan. 230, 103 P. (2d) 854; Commr. of Insurance v. National L. Ins. Co. 280 Mich. 344, 273 N. W. 592; People v. Metropolitan Surety Co. 158 App. Div. 647, 144 N. Y. S. 201.

The cases to the contrary are readily distinguishable. Neild v. District of Columbia, 110 F. (2d) 246, 71 App. D. C. 306, involved

the question whether a statute imposing an occupation tax for the fiscal year 1937-1938 measured by gross receipts for the year 1936 was constitutional. That case throws no light on the question before us. In Pacific Mut. L. Ins. Co. v. Martin, 369 Ill. 158, 15 N. E. (2d) 847, the statute provided that the tax was for the privilege of doing business following payment thereof. The result in Commr. of Insurance v. Commonwealth Mut. L. Ins. Co. 308 Mass. 385, 32 N. E. (2d) 231, is contrary to that announced here, but for reasons applicable in Massachusetts and inapplicable here. There a statute which measured a tax upon banking institutions for the privilege of doing business for the ensuing year by their deposits during the preceding year was made applicable to insurance companies. The court said (308 Mass. 395, 32 N. E. [2d] 236) :

"The natural inference from a statute in this form [taxing insurance companies] is that the Legislature intended to deal with the two classes of corporations upon the same fundamental principle so far as it could be applied to corporations carrying on materially different kinds of business."

The question in State ex rel. Smrha v. General Am. L. Ins. Co. 132 Neb. 520, 272 N. W. 555, was whether an insurance company succeeding to the business of another was liable for a tax of the kind here in question. It was held that, since tax laws are prospective in operation, the successor was liable only for taxes imposed on its business. The decision has not been followed in cases involving the question now before us. Pacific Mut. L. Ins. Co. v. Hobbs, 152 Kan. 230, 103 P. (2d) 854, and Carpenter v. Peoples Mut. L. Ins. Co. 10 Cal. (2d) 299, 74 P. (2d) 508, *supra*.

There can be no question that a tax, absent clear expression to the contrary, should be construed as prospective in operation. That simply means that in a case such as this the business taxed must have been transacted after the effective date of the tax. It does not mean that a tax upon an occupation or the receipts from a business may not be computed after the taxing period accord-

ing to the statutory rate in effect while the taxpayer was engaged in the occupation or in earning the receipts. For example, occupation and gross earnings taxes are computed after the taxing period upon the basis of business transacted during such period. State v. Crete Min. Co. 164 Minn. 273, 204 N. W. 932 (mining occupation tax); State v. Railway Express Agency, Inc. 210 Minn. 556, 299 N. W. 657 (railroad and express company gross earnings).

■ The tax imposed upon foreign insurance companies is precisely the same as that imposed upon domestic companies. The amount of the tax is nondiscriminatory. But it is claimed that there is discrimination as to the effect of payment of the tax. In the case of foreign companies, payment of the tax is in lieu of all taxes except those on *real* and *personal* property. In the case of domestic companies, such payment is in lieu of all taxes except those on *real* property. Discrimination, it is claimed, results from the fact that a foreign company owning real and personal property must pay, in addition to the tax on premiums, the property taxes on both real and personal property, whereas a domestic company must pay, in addition to the tax on premiums, a property tax only on its personal property. Discrimination in fact can result only if the foreign insurance company owns real as well as personal property within the state. The pleadings do not show that defendant owns any property, real or personal, within the state. It is not prejudiced one way or another by the provision that payment of the tax shall be in lieu of all taxes except those on *real* and *personal* property of foreign and the *real* property of domestic insurance companies. Where the particular objectionable feature of a statute does not operate so as to prejudice a party, he is without interest to raise the question of constitutionality. Mesaba Loan Co. v. Sher, 203 Minn. 589, 282 N. W. 823; New York ex rel. Hatch v. Reardon, 204 U. S. 152, 27 S. Ct. 188, 51 L. ed. 415, 9 Ann. Cas. 736; Clark v. Paul Gray, Inc. 306 U. S. 583, 59 S. Ct. 744, 83 L. ed. 1001. Hence it is not necessary to pass on defendant's claim that the tax is unconstitutional as discriminatory against foreign companies under the rule of Hanover F. Ins. Co.

v. Carr, 272 U. S. 494, 47 S. Ct. 179, 71 L. ed. 372, 49 A. L. R. 713. The judgment appealed from is affirmed.